Cherry v. New York City Department of Correction

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> **GERARD E. LYNCH,**
> > *Circuit Judges,*
> **JED S. RAKOFF,**
> > *District Judge.*\*

_____

**Bernard Cherry,**

> *Plaintiff-Appellant*,

> **v.**                                                     **16-3725**

**New York City Department of Correction, Eric Yuen, Attorney-Trials and Litigation Division,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Bernard Cherry, *pro se*, Bronx, NY. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bernard Cherry ("Cherry"), proceeding *pro se*, appeals from a judgment *sua sponte* dismissing his complaint against his former employer, the New York City Department of Correction ("DOC"), and a DOC attorney. Cherry was fired in 2007 after an administrative law judge at the Office of Administrative Trials and Hearings ("OATH") found him guilty of excessive absenteeism and failure to comply with orders. The Appellate Division affirmed. In 2008, Cherry sued the City, DOC, and several officials, asserting claims for employment discrimination. The district court dismissed that case on timeliness grounds, and we affirmed. In 2016, Cherry filed this action under Federal Rules of Civil Procedure 60(d)(1) and (3), alleging that the defendants committed fraud on the court by submitting forged documents during the OATH hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court interpreted Cherry's complaint as a request to vacate the judgment in Cherry's employment discrimination suit. On appeal, however, Cherry clarifies that he was actually asking the district court to vacate the OATH decision. *See* Br. of Appellant Bernard Cherry at 4–5 ("[Judge Cogan] believes that I wanted him to vacate his ruling in his [2008] decision against me. In my complaint, I asked the Court to vacate the (OATH) decision . . . because fraud on the court was and still is present *in that decision*.") (emphasis added). Although we must construe *pro se* complaints "liberally and interpret them 'to raise the strongest arguments that they suggest,'" *Kirkland v. Cablevision Systems*, 760 F.3d 223, 224 (2d Cir.

2014) (per curiam) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), Cherry explicitly states that he was requesting the district court to vacate the judgment of the state administrative law judge. Accordingly, we affirm the district court's dismissal on the grounds of lack of subject matter jurisdiction.

A plaintiff bears the burden of establishing subject matter jurisdiction over his own claims. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). It is apparent from the face of Cherry's complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332. It is also apparent that there is no federal question jurisdiction under 28 U.S.C. § 1331. Cherry cites no relevant federal statute in his complaint or in his brief on appeal. Cherry does cite Federal Rules of Civil Procedure 60(d)(1) and (3), but it is well-settled that the Federal Rules of Civil Procedure "do not provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990). Nor would Cherry's complaint survive if we construed it as alleging a claim under 42 U.S.C. § 1983, since he filed this suit after the relevant three-year statute of limitations elapsed. *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). Finally, the district court correctly refused to exercise ancillary jurisdiction over Cherry's claims, since Cherry is seeking relief from judgment in a different tribunal than the one that handed down the judgment, and there is no independent ground for jurisdiction. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2868 (3d ed. 1998); *see also United States v. Beggerly*, 524 U.S. 38, 46 (1998) (noting that "an independent action brought *in the same court as the original lawsuit*" does not "require[] an independent basis for jurisdiction") (emphasis added).

3

We have considered Cherry's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk